UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALLAN REED,

    Plaintiff,                    Civil No. 2:25-CV-10358
                                  HONORABLE SEAN F. COX
v.                               CHIEF UNITED STATES DISTRICT JUDGE

JOHN CHRISTIANSEN, et. al.

    Defendants,
_____/

**OPINION AND ORDER SUMMARILY DISMISSING CIVIL RIGHTS COMPLAINT WITHOUT PREJUDICE AND GRANTING PLAINTIFF ADDITIONAL TIME TO FILE AN AMENDED COMPLAINT**

David Allan Reed, ("Plaintiff"), incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint is dismissed without prejudice, because the complaint as written fails to adequately state a claim for relief under 42 U.S.C. § 1983. The Court GRANTS Plaintiff sixty days from the date of this order to file an amended complaint which adequately pleads a claim for relief and names the correct defendants.

**I. Standard of Review**

Plaintiff is allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997). However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

1

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612.

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(footnote and citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must show that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998)(*citing Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

## II. Complaint

Plaintiff alleges that prison officials have opened his legal mail outside of his presence, violating the attorney-client privilege, his right to confidential communications with his criminal defense attorney, and his right to be free from unreasonable searches and seizures. Plaintiff does

not name in his complaint the prison officials involved with the alleged interference with his legal mail. He alleges that he has filed grievances concerning the alleged tampering of his legal mail with Defendant Christiansen, the warden of the St. Louis Correctional Facility, and Defendant Russell, the Manager of the Michigan Department of Corrections' Grievance Section. According to Plaintiff, neither defendant has acted upon his grievances. Plaintiff seeks monetary relief and an order from this Court directing the defendants to process his prison grievances in the correct manner.

## IV. Discussion

Plaintiff's interference with his legal mail claim must be dismissed because Plaintiff failed to name the defendants responsible for these alleged deprivations.

In the context of a civil rights claim, conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983; some factual basis for such claims must be set forth in the pleadings. *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996); *See also Johnson v. Freeburn*, 29 F. Supp. 2d 764, 767 (E.D. Mich. 1998). A complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983). This claim is dismissed from the complaint because Plaintiff fails to specify the defendants involved with these alleged deprivations.

The complaint must be dismissed against Warden Christiansen because Plaintiff failed to allege any personal involvement on the part of this defendant with the alleged unconstitutional deprivations.

A supervisory official cannot be held liable under § 1983 for the misconduct of officials that the person supervises unless the plaintiff can demonstrate that "the supervisor encouraged the

3

specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir. 2002)(quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984)). A plaintiff must show, at a minimum, that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Combs,* 315 F. 3d at 558 (citing to *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).

The complaint must be dismissed against Defendant Christiansen because Plaintiff failed to allege any personal involvement on his part with respect to the alleged constitutional violations. Defendant Christiansen's failure to take action upon Plaintiff's complaints would be insufficient to render him liable for these unconstitutional actions under § 1983. *Combs,* 315 F.3d at 558.

Plaintiff is not entitled to relief on his claim that Defendant Christiansen or Defendant Russell wrongly denied his administrative grievances. The Sixth Circuit has repeatedly held that the wrongful denial of a prison grievance by a prison official does not violate any federal constitutional right, in the absence of any allegation that the official was involved in the underlying activity that was challenged in the grievance. *See Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Shehee v. Luttrell,* 199 F. 3d 295, 300 (6th Cir. 1999)(prison officials who were not involved in inmate's termination from his commissary job, and whose only roles involved the denial of administrative grievances or the failure to act, were not liable under § 1983 on a theory that their failure to act constituted an acquiescence in the unconstitutional conduct); *See also Walker v. Michigan Dept. of Corrections,* 128 F. App'x 441, 445 (6th Cir. 2005)(state prisoner did not have constitutionally protected due process right to unfettered access to prison grievance procedures, and, consequently, prisoner was not entitled to relief on his claim under § 1983 that he was

4

arbitrarily denied access to prison's grievance procedures due to modified access procedure); *Keenan v. Marker,* 23 F. App'x 405 407 (6th Cir. 2001)(the wrongful denial of a prison grievance does not violate any federal right, "as there is no inherent constitutional right to an effective prison grievance procedure."). In addition, Michigan law does not create a liberty interest in a prison grievance procedure. *Keenan,* 23 F. App'x at 407(citing *Olim v. Wakinekona*, 461 U.S. at 249). This claim is dismissed from the complaint as is Defendant Richard Russell.

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases, ... [t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits. *See LaFountain v. Harry*, 716 F. 3d 944, 951 (6th Cir. 2013). The Court will grant Plaintiff sixty days from the date of this order to file an amended complaint which alleges sufficient facts that could state a claim for relief and names the correct defendants.

## V. ORDER

The complaint is dismissed for failing to state a claim upon which relief can be granted. The dismissal is without prejudice to Plaintiff filing an amended complaint within sixty days of this order which pleads sufficient facts that would state a claim for relief.

February 13, 2025

s/Sean F. Cox  
Sean F. Cox  
U. S. District Judge

5