UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

David Allan Reed,

Plaintiff,

v.

Case No. 25-10358
Honorable Shalina D. Kumar
Mag. Judge Kimberly G. Altman

John Christiansen, et. al.,

Defendants.

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT (ECF No. 9) AND DENYING THE MOTION FOR RECONSIDERATION (ECF No. 8)**

David Allan Reed, ("Reed"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The complaint was dismissed without prejudice because the complaint, as written, failed to adequately state a claim for relief under 42 U.S.C. § 1983 and failed to identify the proper defendants. *Reed v. Christiansen*, Case No. 25-CV-10358, 2025 WL 495538 (E.D. Mich. Feb. 13, 2025).

Reed now moves for an extension of time to file an amended complaint. ECF No. 9. He has also filed a motion for reconsideration, in which he asks this Court to suspend or refund the partial filing fee that he was assessed. ECF No. 8. For the reasons that follow, the Court grants the motion for an extension of time and denies the motion for reconsideration.

1

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within 21 days after serving it" and, "[i]n all other cases,…[t]he court should freely give leave [to amend] when justice so requires." A district court can allow an inmate to amend his or her complaint even when the original complaint might be subject to dismissal under the Prison Litigation Reform Act's (PLRA) screening requirements for prisoner and *in forma pauperis* (IFP) suits. See *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Fed. R. 6(b) states:

(b) Extending Time.

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Reed claims he needs an additional thirty days to file an amended complaint because there was a delay in him receiving the docket entries and a form complaint which he requested from the Clerk's Office. He states these are necessary for him to prepare and submit his amended complaint.

Reed's motion for an extension will be granted because he has established good cause for an extension of time to file an amended

2

complaint. He has thirty days from the date of this order to file an amended complaint with the Court.

Reed has also filed a motion for reconsideration of Magistrate Judge David R. Grand's order dated February 14, 2025, which assessed the payment of filing fees on an installment basis. ECF No. 6. Reed claims he needs a suspension of the filing fees or a refund because of the limited funds he receives in prison.

The (PLRA) states that "if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1)(as amended). *See also In Re Prison Litigation Reform Act,* 105 F.3d 1131, 1138 (6th Cir. 1997). The *in forma pauperis* statute, 28 U.S.C. § 1915(a), does provide prisoners the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments. *See Boussum v. Washington,* 649 F. Supp. 3d 525, 529 (E.D. Mich. 2023); *reconsideration denied,* 655 F. Supp. 3d 636 (E.D. Mich. 2023).

Under the PLRA, "federal courts may not waive or reduce the filing fee for an indigent prisoner proceeding IFP. § 1915(b)(1). Instead, the statute provides that a prisoner proceeding IFP 'shall be required to pay the full amount of a filing fee,' and instructs courts to deduct the fee in installments

3

from the prisoner's account." *Johnson v. High Desert State Prison*, No. 25–457, ---- S. Ct.----; 2026 WL 568582, at *1 (U.S. Mar. 2, 2026) (Sotomayor, J., with Jackson, J., dissenting). There is no authority for this Court to temporarily suspend the collection of filing fees assessed under the PLRA. *Coates v. Kafczynski*, No. 2:05-CV-003, 2009 WL 2777090, at *1 (W.D. Mich. Aug. 31, 2009). "If filing fees were suspended because of perceived hardship, the Congressional action [in passing the PLRA] would not have its intended effect of discouraging frivolous lawsuits by making prisoners pay at least some of the cost of litigating those cases." *Johnson v. Adult Parole Auth.*, No. 3:16-CV-141, 2016 WL 1626111, at *1 (S.D. Ohio Apr. 25, 2016).

Accordingly, **IT IS ORDERED** that the motion for an extension of time to file an amended complaint (ECF No. 9) is **GRANTED.** Plaintiff shall file an amended complaint within **thirty (30) days** of this order. The motion for reconsideration (ECF No. 8) is **DENIED.**

s/Shalina D. Kumar  
SHALINA D. KUMAR  
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2026

4